# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| COUNTY OF SANTA CLARA,<br>　　　　Plaintiff,<br>　v.<br>KELLY ANNE RANGER,<br>　　　　Defendant. | Case No. 22-cv-08901-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br>[Re: ECF 6] |

　　　　Plaintiff County of Santa Clara ("County") filed the present Complaint to Recover Administrative Penalties against Defendant Kelly Anne Ranger ("Ranger") in state court on October 8, 2021. *See* Not. of Removal Ex. Q (Compl.), ECF 1-4. The County alleges that Ranger owned a massage business and refused to wear face masks or require her clients to wear them, in violation of public health orders issued to address the COVID-19 virus. *See id.*

　　　　On December 15, 2022, Ranger filed a Notice of Removal based on asserted federal question jurisdiction. *See* Not. of Removal, ECF 1. The County has filed a motion to remand the action to the Santa Clara County Superior Court, which has been fully briefed. *See* Mot., ECF 6; Opp., ECF 11; Reply, ECF 12. The Court finds the motion to be suitable for decision without oral argument and VACATES the hearing set for May 18, 2023. *See* Civ. L.R. 7-1(b). The motion is GRANTED on two grounds, discussed below.

　　　　First, Ranger's Notice of Removal is untimely. A notice of removal must be filed within 30 days after service of the summons and complaint. *See* 28 U.S.C. § 1446(b)(1). "[T]he time limit is mandatory and a timely objection to a late [notice of removal] will defeat removal." *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980). An objection is timely if it is made within 30 days after the notice of removal is filed. *See* 28 U.S.C. 1447(c) ("A motion to

remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal[.]"). Ranger was personally served with the summons and complaint on February 15, 2022, *see* Nguyen Decl. ¶ 4 & Ex. 2 (POS), but she did not file her Notice of Removal until ten months later on December 15, 2022, well beyond the 30-day time limit. The County filed the current motion to remand on January 13, 2023, within 30 days after Ranger filed her Notice of Removal. *See* Mot., ECF 6. Accordingly, the motion to remand is GRANTED on the ground that removal was untimely.

Second, Ranger has not established the existence of subject matter jurisdiction. A motion to remand must be granted if the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). In this case, removal was based on the assertion of federal question jurisdiction. *See* Not. of Removal ¶ 24. "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Complaint asserts two causes of action, one under the County's Urgency Ordinance No. NS.9.291 and the second under California Government Code § 25132. Neither presents a federal question. Ranger argues that the Complaint raises a federal question based on her contention that the County's enforcement of public health orders violates her federal constitutional rights. That argument is without merit, as "a case may *not* be removed to federal court on the basis of a federal defense." *Caterpillar*, 482 U.S. at 393. Thus, the motion to remand is GRANTED on the additional ground of lack of subject matter jurisdiction.

**ORDER**

(1) Plaintiff County's motion to remand is GRANTED;

(2) This action is REMANDED to the Santa Clara County Superior Court; and

(3) The Clerk shall close the file.

Dated: February 8, 2023

_____
BETH LABSON FREEMAN
United States District Judge

2